IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WANDA McCANN-SMITH,

                          OPINION and ORDER

        Plaintiff,

                          11-cv-200-bbc

    v.

ST. MARY'S HOSPITAL,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Wanda McCann-Smith began working for defendant St. Mary's Hospital as a certified nursing assistant in 2008. She is proceeding on claims that defendant disciplined her because of her race and then terminated her when she complained about the discriminatory treatment, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

      Defendant has filed a motion for summary judgment, which is ready for decision. Dkt. #19. Defendant argues that plaintiff included only one claim in her administrative charge, so the remaining claims must be dismissed for her failure to exhaust her administrative remedies. With respect to the remaining claim, that defendant disciplined her because of her race in August 2009, defendant says that it disciplined plaintiff for failing

1

to respond appropriately after discovering that a patient had a dangerously high blood sugar level and that plaintiff has failed to adduced any evidence of discrimination.

I agree with defendant that plaintiff has failed to adduce sufficient evidence to allow a reasonable jury to find that defendant disciplined her in August 2009 because of her race. Accordingly, I will grant defendant's motion for summary judgment as to that claim. However, I do not agree that plaintiff's remaining claim must be dismissed for her failure to exhaust her administrative remedies. Although plaintiff's charge did not include any allegations about her termination, it was broad enough to encompass her claim regarding discipline for an email she sent. In addition, defendant's motion overlooks plaintiff's claims under § 1981. Although both sets of claims rely on the same facts and the substantive requirements of Title VII and § 1981 are similar, § 1981 does not include an exhaustion requirement. Accordingly, I cannot grant summary judgment to defendant with respect to plaintiff's § 1981 claims other than the one involving the August 2009 incident because defendant failed to address the merits of the other claims.

Although defendant is not entitled to summary judgment on those claims, it makes little sense to hold a trial unless plaintiff has some evidence to support them. Accordingly, I will give her an opportunity to supplement the record with evidence relating to those claims.

OPINION

A. Failure to Exhaust Administrative Remedies

Plaintiff's complaint in this court identifies two allegedly discriminatory disciplinary incidents, one involving her alleged failure to inform a nurse about a patient's blood sugar level and another about an allegedly threatening email she sent. In addition, she contends that defendant terminated her because of her race and because she complained about discrimination. Defendant argues that the first incident is the only one plaintiff included in her administrative complaint and the remaining claims should be dismissed for her failure to exhaust her administrative remedies.

1. Title VII

"[G]enerally, Title VII claims that were not included in an EEOC charge are barred." Jones v. Res-Care, Inc., 613 F.3d 665, 670 (7th Cir. 2010). "But if certain claims are not included in an EEOC charge, a plaintiff can still bring them if they are like or reasonably related to the allegations of the EEOC charge and growing out of such allegations." Moore v. Vital Products, Inc., 641 F.3d 253, 256-57 (7th Cir. 2011) (internal quotations and citations omitted). See also Jones, 613 F.3d at 670 ("[T]here must be a reasonable relationship between the allegations in the charge and the claims in the complaint, and it must appear that the claim in the complaint can reasonably be expected to grow out of an

3

EEOC investigation of the allegations in the charge.").

Plaintiff included the following description of her claims in her charge:

I believe that St. Mary's Hospital has been discriminating against me in my terms and conditions of employment by harassing me, giving me numerous write-ups and suspending me. I began my employment as a CNA in March 2006. Beginning in August 2008 the incidents of harassment against me began and have continued. My supervisor Karen Brennan is aware of this harassment but whenever an incident occurs she always believes the other person's story and does not listen to me. I filed a grievance because of this harassment in August 2008 but the behavior has not stopped. It came to a head for me in July 2009 when an RN accused me of not giving her information about a patient, I was taken off the schedule until I had a meeting with Human Resources. At this time St. Mary's took my picture off the wall of employees and threw my ID into the trash, which only happens when you are terminated. When I called Human Resources to ask if I was fired, they said that I was not and they do not know why these actions were taken. I believe I am being treated this way because of my race (Black) and color (Black). Caucasians are not written up for doing many things of the same acts I allegedly commit.

The only specific disciplinary issue plaintiff raises in her charge is the one related to her alleged failure to inform a nurse about a patient's blood sugar level, but she also discusses generally "numerous write ups" that she believes were discriminatory. Thus, plaintiff's claim regarding the email is "like or reasonably related to the allegations of the . . . charge," Moore, 641 F.3d 253, 256-57, and that claim could "reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." Jones, 613 F.3d at 670. Because defendant develops no argument to the contrary, I conclude that plaintiff is not barred from pursuing a claim under Title VII for the discipline she received for sending the email.

4

However, plaintiff does not discuss her termination in her charge, even in general terms. She says that "St. Mary's took my picture off the wall of employees and threw my ID into the trash, which only happens when you are terminated," but she does not say that she was terminated at that time. Rather, in her complaint, she alleges that she was terminated several months later.

Because her termination was a separate act of alleged discrimination and retaliation, she needed to file a separate charge if she wanted to pursue that claim under Title VII. Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992) ("An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination."). Accordingly, I am dismissing plaintiff's Title VII claim relating to her termination for her failure to exhaust her administrative remedies.

2. § 1981

In the order screening plaintiff's complaint, I allowed her to proceed on all of her claims under both Title VII and 42 U.S.C. § 1981, but defendant does not discuss § 1981 in its motion for summary judgment. That is a problem for defendant because "42 U.S.C. § 1981 . . . does not require plaintiffs to file an EEOC charge first." Chaudhry v. Nucor Steel-Indiana, 546 F.3d 832, 836 (7th Cir. 2008). In other words, § 1981 does not contain

5

an exhaustion requirement, so I cannot dismiss any of plaintiff's § 1981 claims on that ground.

### B.  Evidence of Discrimination

With respect to the merits, defendant's motion focuses on the claim arising out of the discipline plaintiff received in August 2009. The same analysis applies to discrimination claims brought under Title VII or § 1981. Yancick v. Hanna Steel Corp., 653 F.3d 532, 544, 653 F.3d 532 (7th Cir. 2011) ("We analyze § 1981 discrimination claims in the same manner as claims brought pursuant to Title VII of the Civil Rights Act."). The ultimate question on summary judgment under either statute is whether a reasonable jury could find that the employer took an adverse action against the employee because of her race. Defendant does not argue that the written warning was insufficiently adverse to sustain a discrimination claim, so I do not consider that question. (Although defendant says her discipline was limited to a written warning, plaintiff seems to believe that she was suspended as a result of this incident and I will assume for the purpose of this opinion that she was.)

Defendant proposes the following facts about the reasons it disciplined plaintiff in August 2009:

- On July 18, 2009, plaintiff was assisting Kristen Olsen, a registered nurse, in caring for a patient in room 8SW-8610-01.

6

- Plaintiff was to check the patient's blood sugar and, pursuant to protocol, record the blood sugar level in EPIC, the hospital's medical records software.

- Plaintiff knew she was required to enter all patients' blood sugar readings into EPIC.

- Plaintiff admits that she failed to record the patient's blood sugar level in EPIC.

- The patient's blood sugar was over 500, making it a Panic Blood Sugar.

- Because the patient had a Panic Blood Sugar, protocol required plaintiff to immediately notify Olsen, the registered nurse on duty.

- Plaintiff did not notify Olsen of the patient's Panic Blood Sugar.

- Instead, Olsen, who had been waiting for the patient's blood sugar level to appear in EPIC and had yet to see it display, approached plaintiff to ask her whether she had taken the patient's blood sugar.

- Plaintiff told Olsen that she had taken the patient's blood sugar and it was over 500.

- Despite the fact that protocol requires that patients with a Panic Blood Sugar have their blood sugar immediately rechecked, plaintiff allowed the patient to eat lunch, which rendered any recheck of the patient's blood sugar ineffective.

- Karen Brennan, plaintiff's supervisor, personally investigated the incident. At the conclusion of this investigation, Brennan gave plaintiff a written warning, which stated in part: "As part of your job you are required to recheck a panic blood sugar and immediately notify the RN on duty. By not doing this standard function of your job, you put a patient's welfare in danger."

Dft.'s PFOF ¶¶ 18-45, dkt. #24.

7

Although plaintiff adds commentary in her responses to these proposed findings of fact, she does not dispute any of them. Plt.'s Resp. to Dft.'s PFOF, dkt. #35. In fact, plaintiff did not submit *any* admissible evidence of discrimination; she submitted only a brief, proposed findings of fact and various unauthenticated documents regarding the discipline she received and perceived problems with her work performance. She does not explain how any of the documents support her claim and my own review of them uncovered no evidence of discrimination. For that reason alone, defendant is entitled to summary judgment on this claim.

Even if I considered plaintiff's unsworn allegations in her summary judgment materials, it would not save this claim. In one of her own proposed findings of fact, plaintiff says that she "did notify [the] nurse that blood sugar was at panic level." Plt.'s PFOF, dkt. #35, at 1. However, she does not say *when* she told Olsen. It is undisputed that plaintiff eventually told Olsen about the patient's blood sugar level; the problem was that she did not tell Olsen when she first discovered the problem. Plaintiff made similarly ambiguous statements in her deposition. Plt.'s Dep., dkt. #18, at 38 ("So I did take the blood sugar. I told the nurse that the blood sugar was 500.").

Even if I assume that plaintiff informed Olsen about the elevated blood sugar level immediately, this would be enough to show that defendant made a mistake, but it would not be enough to show that defendant discriminated against her. Brennan conducted her own

8

investigation of the incident and concluded that plaintiff had failed to perform her job. So long as Brennan honestly believed Olsen's account of what happened, Brennan was entitled to rely on it. Silverman v. Board of Education of City of Chicago, 637 F.3d 729, 743-44 (7th Cir. 2011) ("[I]f the [employer] honestly believed the non-discriminatory reason it proffered, the reason was not pretextual."); Stalter v. Wal–Mart Stores, Inc., 195 F.3d 285, 288–89 (7th Cir. 1999) ("We look not at the wisdom of the employer's decision, but rather at the genuineness of the employer's motives"). If Olsen harbored discriminatory motives against plaintiff and attempted to influence Brennan's decision, that could be enough to sustain plaintiff's claim. Staub v. Proctor Hospital, 131 S. Ct. 1186, 1192-93 (2011). However, plaintiff does not point to any evidence that would support a view that Olsen was racist or that she attempted to influence Brennan's decision.

In both her proposed findings and brief, plaintiff argues that white employees are not disciplined for the same acts that she is accused of. If an employer applies its rules in a discriminatory manner, that may be enough to prove a discrimination claim. Filar v. Board of Education of City of Chicago, 526 F.3d 1054, 1061 (7th Cir. 2008) ("All things being equal, if an employer takes an action against one employee in a protected class but not another outside that class, one can infer discrimination."). The problem is that plaintiff fails to point to any specific examples in which white employees received more favorable treatment than she did. Rather, all of her allegations about discrimination are simply

9

conclusions without any foundation. E.g., Plt.'s Br., dkt. #28, at 1 ("I have been a victim of racial discrimination and work place hate."); id. at 5 ("My employment over 4 years was very painful and racially discriminatory, which became mental abuse."); id. at 12 ("Plaintiff's claim is very effective and concrete of discrimination based on the color of Smith['s] skin (black)."). Plt.'s PFOF, dkt. #35, at 3 ("Plaintiff states white [employees] are not written up for doing [the] same acts they claim I allegedly committed."); id. at ¶ 4 ("Plaintiff believe[s] that discrimination was present and motivated the Employment action on July 8, 2009."). At the summary judgment stage, plaintiff must come forward with specific facts to support her claim; conclusory allegations are not sufficient. Lucas v. Chicago Transportation Authority, 367 F.3d 714, 726 (7th Cir. 2004) (refusing to consider plaintiff's conclusory assertions that African-Americans were treated "more harshly" in that they were given tougher assignments and written up for reasons non-African-Americans were not where plaintiff offered no specific instances of support for his assertions).

In her deposition, plaintiff identified two white employees whom she says received more favorable treatment. Plt.'s Dep., dkt. #18, at 72-77. Although plaintiff does not discuss either of these employees in her summary judgment materials, I will consider them because defendant does.

Plaintiff's testimony about these employees does not help her claim. With respect to the first employee, plaintiff admits that the blood sugar level of the patient at issue was

significantly lower than 500 and, more important, that the employee informed the nurse about the elevated level. Id. at 74. Because plaintiff was disciplined primarily because she failed to notify a nurse about the problem, that incident is not evidence of discrimination.

Plaintiff's testimony about the other employee is vague. She said that the other employee "forgot to do numerous things." Id. at 76. She mentioned "blood sugar" only when counsel asked whether that was one of the things the other employee forgot to chart. Again, plaintiff did not testify that the other employee failed to report an elevated blood sugar level. In any event, plaintiff admitted that she learned about the other employee's conduct "from listening at people on the floor." Id. That evidence is not admissible; I cannot consider plaintiff's testimony unless she observed the incident personally. Visser v. Packer Engineering Associates, Inc., 924 F.2d 655, 659 (7th Cir. 1991)("[W]itnesses who are not expert witnesses . . . are permitted to testify only from their personal knowledge. Testimony about matters outside their personal knowledge is not admissible, and if not admissible at trial neither is it admissible in an affidavit used to support or resist the grant of summary judgment.").

Finally, plaintiff does not say in her deposition whether Brennan knew about these other incidents or even whether Brennan supervised these other employees. Generally, evidence that other employees were treated better is not evidence of discrimination unless the other employees received better treatment from the same supervisor. Ellis v. United

11

Parcel Service, Inc., 523 F.3d 823, 826-27 (7th Cir. 2008) ("[T]o be similarly situated, [an employee] must have been treated more favorably by the same decisionmaker.").

In her brief, plaintiff says that she believes that Olsen should have been written up for the incident in July 2009. Plt.'s Br., dkt. #28, at 9. However, she does not identify any hospital rules that Olsen violated, so that argument is a nonstarter.

Plaintiff devotes much of her brief to challenging the way defendant handled the discipline. For example, she says that Brennan should have discussed the issue with her immediately rather than waiting several weeks. Id. at 8. Defendant says that Brennan attempted to reach plaintiff sooner, but was unable to do so. Dft.'s PFOF ¶¶ 34-36, dkt. #24. However, even if I assume that there was a delay, neither Title VII nor § 1981 required defendant to take immediate action. Plaintiff fails to explain how the timing of the discipline supports a view that she was disciplined because of her race.

At several times, plaintiff discusses an incident in which her photo was removed from a bulletin board. Plt.'s Br., dkt. #28, at 10; Plt.'s PFOF, dkt. #35, at 3. Plaintiff does not suggest that she suffered any adverse employment consequences as a result of that incident, so it cannot support a discrimination claim. In any event, plaintiff does not cite any evidence regarding the reason for the removal or even who removed it.

In one of her proposed findings of fact, plaintiff says that "Brennan assured me I would not get wrote up but when I started talking about racism all of a sudden I get wrote

12

up." Plt.'s PFOF, dkt. #35, at 2. Suspicious timing can be evidence of *retaliation*, Loudermilk v. Best Pallet Co., LLC, 636 F.3d 312, 315 (7th Cir. 2011), but plaintiff is not proceeding on a claim for retaliation with respect to the discipline she received because she did not include that allegation in her complaint. Her retaliation claim is limited to her termination and it is too late for her to amend her complaint now. Grayson v. O'Neill, 308 F.3d 808, 817 (7th Cir. 2002) (plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment") (internal quotations omitted). Even if I were to consider this claim now *and* I treated plaintiff's proposed findings of fact as admissible evidence, her allegation is far too vague to prove a retaliation claim. She fails to identify the statements she made to Brennan, so it is impossible to tell whether plaintiff engaged in speech that is protected by Title VII or § 1981. Magyar v. Saint Joseph Regional Medical Center, 544 F.3d 766, 771 (7th Cir. 2008) (speech protected under Title VII if plaintiff had "sincere and reasonable belief" that she was opposing an unlawful practice).

In sum, plaintiff has failed to adduce evidence that would allow a reasonable jury to infer that defendant disciplined her in August 2009 because of her race. Accordingly, I am granting defendant's motion for summary judgment as to this claim under Title VII and § 1981.

Defendant does not develop any argument on the merits of plaintiff's claim that defendant discriminated against her because of race when it disciplined her for writing an

13

email or her claim that defendant terminated her because of her race and because she complained about racial discrimination. "The party opposing summary judgment has no obligation to address grounds not raised in a motion for summary judgment," Pourghoraishi v. Flying J, Inc., 449 F.3d 751, 765 (7th Cir. 2006), so I cannot dismiss these other claims for plaintiff's failure to prove them.

Defendant includes one footnote in its brief in which it states that plaintiff "is unable to meet her burden of presenting evidence that would substantiate the additional allegations in her complaint that were not part of her MEOC complaint." Dft.'s Br., dkt. #20, at 12 n.4. However, this one statement buried in defendant's brief was not sufficient to give notice to plaintiff that she needed to come forward with evidence regarding the merits of these other claims.

That being said, there is no point in sending these claims to trial unless plaintiff actually has evidence to prove them. Accordingly, I will give plaintiff an opportunity to supplement the record with evidence to support these claims. If plaintiff fails to respond or her evidence is insufficient to allow a reasonable jury to find in her favor on these claims, then I will grant summary judgment in favor of defendant and dismiss the case.

With respect to her claim that she was disciplined for writing an email because of her race, plaintiff should submit evidence on the follow issues:

(a) the content of the email she wrote;

14

      (b) when she wrote and sent the email;

      (c) the discipline she received for writing the email;

      (d) the reasons defendant gave for disciplining her; and

      (d) all evidence supporting her belief that defendant disciplined her because of her race.

With respect to her claims that she was terminated because of her race and because she complained about race discrimination, plaintiff first must show that she *was* terminated and that she did not quit her job voluntarily. In addition, she must describe specifically the complaints of racial discrimination that she believes motivated defendant to fire her. For example, what was the nature of the complaint (was it a written grievance or an oral complaint)? When did she make the complaint? What did she say in the complaint? Was it one complaint or multiple complaints? To whom did she complain? Finally, she should submit evidence on the following issues:

      (a) when she was terminated;

      (b) the reasons defendant gave for terminating her;

      (c) all evidence supporting her belief that she was fired because of her race or because she complained about race discrimination.

I remind plaintiff that she must submit evidence in admissible form. If she relies on her own statements, these must be sworn. <u>Collins v. Seeman</u>, 462 F.3d 757, 760 n.1 (7th

Cir. 2006). In federal court, a statement may be sworn in one of two ways: (1) with the signature and seal of a notary public that is provided upon the signing of the document; or (2) with a declaration at the completion of her declaration that includes the following statement followed by a signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746. A court cannot consider as evidence statements that are made in a brief. If plaintiff relies on a document that does not comply with the procedure identified above, the court will not consider the document.

Second, if plaintiff wants the court to use documents as evidence, they must be authenticated as Fed. R. Evid. 901(a) requires. To authenticate a document, a party must submit "evidence sufficient to support a finding that the matter in question is what its proponent claims." Ordinarily, documents are authenticated by attaching them to an affidavit of an individual who swears that the documents are true and correct copies of the originals. However, the individual who authenticates the documents must have personal knowledge of their authenticity. Fed. R. Evid. 901(b)(1).

ORDER

IT IS ORDERED that

1. Defendant St. Mary's Hospital's motion for summary judgment is GRANTED

with respect to plaintiff Wanda McCann-Smith's claims that: (a) defendant disciplined plaintiff in August 2009 because of her race, in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act; and (b) defendant terminated plaintiff because of her race and because she complained about race discrimination, in violation of Title VII.

2. Defendant's motion for summary judgment is DENIED with respect to plaintiff's claims that: (a) defendant disciplined plaintiff for an email she wrote because of her race, in violation of the Title VII and § 1981; and (b) defendant terminated plaintiff because of her race and because she complained about race discrimination, in violation of § 1981.

3. Plaintiff may have until May 8, 2012, to submit evidence on her claims that (a) defendant disciplined plaintiff for an email she wrote because of her race, in violation of the Title VII and § 1981; and (b) defendant terminated plaintiff because of her race and because she complained about race discrimination, in violation of § 1981. Plaintiff must submit admissible evidence that would allow a reasonable jury to find in her favor on these claims. If she fails to do this, I will enter summary judgment in defendant's favor.

4. Because the trial date is less than two months away, I am striking that date and all remaining deadlines in the June 22, 2011 scheduling order. I will set new deadlines if

they are needed after considering plaintiff's supplemental evidence.

Entered this 17th day of April, 2012.

                                    BY THE COURT:
                                    /s/
                                    BARBARA B. CRABB
                                    District Judge